```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF UTAH
_____

SHAYNE E. TODD,                 )  **MEMORANDUM DECISION & ORDER**
                                )  **DENYING RECONSIDERATION**
          Petitioner,           )
                                )  Case No. 2:12-CV-282 CW
     v.                         )
                                )  District Judge Clark Waddoups
ALFRED BIGELOW et al.,          )
                                )
          Respondents.          )
_____
```

Petitioner, Shayne E. Todd, an inmate at Utah State Prison, requested habeas corpus relief in this case.[1] Because Petitioner had filed his petition past the applicable period of limitation, the Court denied him.

Petitioner now moves for reconsideration of that decision. He again urges the Court to apply equitable tolling to excuse his late filing. Specifically, he argues that he suffers from mental disabilities and he lacked the legal help he expected as he sought post-conviction relief.

As the Court's order denying Petitioner's petition in this case said, "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."[2] Those situations include times "'when a prisoner is actually innocent'" or "'when

---

[1] *See* 28 U.S.C.S. § 2254 (2013).

[2] *Calderon v. United States Dist. Court*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted).

an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"[3]  And, Petitioner "has the burden of demonstrating that equitable tolling should apply."[4]

Against the backdrop of these general principles, the Court considers Petitioner's particular arguments.  First, Petitioner asserts that his lateness should be overlooked because of his mental disabilities.  This argument fails because it does not involve an external situation.  Simply put, Petitioner's mental status does not implicate an "exceptional circumstance" supporting equitable tolling.[5]

Next, the Court addresses the allegation that post-conviction counsel was/were not helpful.  It is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'"[6]  Also, "'[t]here is no constitutional right to an attorney in . . .

---

[3] *Stanley v. McKune*, No. 05-3100, 2005 U.S. App. LEXIS 9872, at *4 (10th Cir. May 23, 2005).

[4] *Lovato v. Suthers*, No. 02-1132, 2002 U.S. App. LEXIS 14371, at *5 (10th Cir. July 15, 2002) (unpublished).

[5] *See McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005) (unpublished) (holding assertion of brain damage did not warrant equitable tolling); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("[T]he Tenth Circuit has never held that mental incapacity tolls the statute of limitations.").

[6] *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

post-conviction proceedings.  Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'"[7]  It follows that Petitioner's contention that attorney(s) did not adequately help him, allegedly thwarting timely habeas filings, does not toll the period of limitation.[8]  Indeed, Petitioner has shown the ability to timely observe his rights, in both the state direct appeal and post-conviction cases.

During the running of the federal period of limitation and well beyond, Petitioner took no steps himself to "diligently pursue his federal claims."  In sum, none of the circumstances

---

[7]*Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2013) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

[8]*See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

cited by Petitioner qualify as extraordinary, rendering it beyond Petitioner's control to timely file his petition here.

    IT IS THEREFORE ORDERED that Petitioner's motion for reconsideration is DENIED.[9]

    DATED this 19th day of April, 2013.

                    BY THE COURT:

                      CLARK WADDOUPS
                      United States District Judge

---

[9](*See* Docket Entry # 37.)